**GOVERNMENT DATA: CANDIDATES FOR PUBLIC OFFICE:** Criminal history data collected by city on council candidates is not private "applicant" data under Minn. Stat. § 13.43 (2004). Authority of city to collect such data questioned, Minn. Stat. §§ 13.03, 13.43, 13.601.

852
(Cr. ref. 64, 184-a)

October 6, 2006

Michael J. Waldspurger
Kimberly K. Sobieck
Ratwik, Roszak & Maloney, P.A.
300 U.S. Trust Building
730 Second Avenue South
Minneapolis, MN 55402

Dear Mr. Waldspurger and Ms. Sobieck:

Thank you for your correspondence of August 7, 2006 requesting an opinion of the Attorney General concerning the proper classification of criminal background data collected on behalf of the City of Red Wing relating to candidates for election to the city council.

## FACTS AND BACKGROUND

You state that after receiving written consent from candidates for city council, the City of Red Wing (the "City") contracted with a private firm to conduct criminal background searches on the candidates. You state further that the City received the results of the searches, and utilized the information "solely to confirm the candidates' eligibility to run for public office."[1] The City considers the data to be private under Minn. Stat. § 13.601, subd. 3 (Supp. 2005).

The *Red Wing Republican-Eagle* recently requested that the City provide it with the results of criminal background checks made on city council candidates. The City denied the request, asserting that the data is private under Minn. Stat. § 13.601, subd. 3 (Supp. 2005). The newspaper has disagreed with the City's characterization of the data as private, citing Commissioner of Administration, Advisory Opinion 05-036, November 18, 2005 (copy enclosed).

You refer to a July 14, 2006 opinion from this Office to the Rochester City Attorney (copy enclosed) which you characterize as stating that, in cities where city council members are

---

[1] The facts supplied do not indicate who has been granted access to the data for purposes of making this determination, or whether the background searches were also performed on council incumbents.

considered to be "employees" of the city, "candidate data" is presumptively private. You do not believe that opinion to be a formal opinion of the Attorney General for purposes of superseding the Commissioner of Administration's opinion pursuant to Minn. Stat. § 13.072, subd. 1(f) (2004).

Based upon the foregoing, you request that the Attorney General issue a "formal" opinion on the following question:

> Are data on candidates who run for public office classified as private data, except as enumerated in Minn. Stat. § 13.601, subd. 3 and § 13.43, when the elected official is considered to be an employee of the governmental entity?

## LAW AND ANALYSIS

First, while the question stated in the July 14, 2006 opinion of this Office did refer to "applications for election or appointment to a public body," the opinion itself only addressed "data submitted by applicants for appointment." Thus, that opinion was not intended to address "candidate data" on individuals running for election to public office.

Furthermore, the July 14, 2006 opinion did not conclude that data submitted by applicants for appointment could be classified as private pursuant to Minn. Stat. § 13.601, subd. 3. That subdivision lists particular data items that are public, and does not itself classify any data as private. Our opinion agreed with the Commissioner's Advisory Opinion 05-036 insofar as it stated that the listing of certain data on applicants for public office as public under section 13.601, subd. 3 does not imply that all other applicant data is private. We disagreed however with the Commissioner's conclusion that enactment of section 13.601, subdivision 3 in effect classified all data on such applicants as public. Our opinion concluded instead that the listing of items of public data in section 13.601 did not preclude other data from being classified as private under another statute such as Minn. Stat. § 13.43.

Second, under the Minnesota Government Data Practices Act, all government data is considered public unless classified otherwise by Minnesota statute, federal law, or temporary classification. Minn. Stat. § 13.03, subd. 1 (2004).

Third, the classification of particular data may be dependent, not only upon its substantive content, but also upon the government purpose for which it has been created or collected. An item of data concerning an individual may be private or confidential in certain contexts and public in others. For example, a listing of a public official's personal investments would be private as disclosed on a personal tax return, but public when submitted with a mandated economic disclosure statement. *See* Minn. Stat. §§ 10A.07, 13.601, subd. 1, 270B.02 (2004). Therefore, in order to determine the correct classification for particular data, it is often necessary to determine the specific legal authority pursuant to which it has been created, collected or retained.

Fourth, Minn. Stat. § 13.05, subd. 3 provides:

Subd. 3. *General standards for collection and storage.* Collection and storage of all data on individuals and the use and dissemination of private and confidential data on individuals shall be limited to that necessary for the administration and management of programs specifically authorized by the legislature or local governing body or mandated by the federal government.

Fifth, data on candidates for election to various public offices is collected in accordance with several statutes. These include, for example, Minn. Stat. §§ 10A.09 (statements of economic interest); 10A.20, 211A.02 (campaign reports); 204B.06, 204B.07, 205.13 (affidavits of candidacy and nominating petitions). Information contained in those filings is plainly public, either by express statutory mandate or under the presumption set forth in Minn. Stat. § 13.03, subd. 1.

Sixth, unlike one applying for appointment by a city council to a vacant council position, candidates for election cannot be reasonably viewed as "applicants for employment" by the governmental units they seek to serve. Candidates for election do not make application to, nor is their selection made by, officials of the governmental unit acting as an "appointing authority." They are instead elected by the voters,[2] and all persons who meet basic qualifications specified in the Constitution[3] and statutes[4] are eligible to seek election. Consequently, it is our view that candidates for election to public office by the voters are not "applicants for employment" by the City within the meaning of Minn. Stat. § 13.43, subd. 3. Nor are we not aware of any other statute, federal law, or temporary classification that would classify government data supplied by, or on behalf of, candidates in the course of the official election process as other than public.

Seventh, as noted above, collection, storage and use of data on individuals is limited by law to that necessary for a government agency to carry out some specifically authorized activity. We are aware of no authorized government program under which it would be necessary or appropriate for city officials to delve into the backgrounds of persons seeking election to city offices for purposes of obtaining information that would reflect negatively on their eligibility or qualifications for office.

A filing officer, such as the city clerk, has limited authority to withhold the name of a candidate from the ballot in certain narrowly defined circumstances. *See, e.g.,* section 204B.10 (2004). However, that authority does not extend to other local officials, or to undertaking of any independent investigation of candidates, or otherwise passing judgment upon their eligibility. *See* Ops. Atty. Gen. 911-j, September 15, 1970 (no authority for secretary of state to make

---

[2] According to the facts given, however, the results of the criminal background investigations are not made available to the voters, but are apparently restricted to use by unspecified city officials.

[3] *See* Minn. Const. art. VII, § 6 and XII, §§ 3, 4.

[4] *See, e.g.,* Minn. Stat. §§ 201.014, 204B.06 (2004).

independent inquiry into candidates' qualifications); 184-I, August 8, 1940 (County auditor not authorized to withhold name from ballot on basis of information concerning candidate's criminal history).  Further, while a convicted felon whose civil rights have not been restored is ineligible to appear on the ballot,[5] candidates for office must submit a sworn statement at the time they file indicating that they are "eligible" voters.  Excluded from the definition of "eligible voter" is a person who has been convicted of a felony who has not had his civil rights restored.  Minn. Const. art VII, § 1; Minn. Stat. § 201.014, subd. 2 (2004).

Finally, implicit in the facts provided is the suggestion that "the City's" intent was to take some sort of action in opposition to the candidacy of any person it determined to be ineligible on the basis of information revealed in the criminal background checks.  As a general proposition, it is considered contrary to public policy for the resources or authority of a government agency to be used for purposes of attempting to influence the outcome of an election for public office.  *See, e.g., Stanson v. Mott,* 17 Cal.3d 206, 217, 551 P.2d 1, 9 (Cal. 1976);  Op. Atty. Gen. 125B-21, March 19, 1921 (copy enclosed).

## OPINION

For the foregoing reasons, it is our opinion that information collected by the City in the course of criminal background investigation of candidates for election to city offices would not be classified as private "applicant data" under Minn. Stat. § 13.43, subd. 3.  Therefore, unless it may be classified as private under another statute, federal law, or temporary classification, it would be presumptively public under Minn. Stat. § 13.03, subd. 1.  We are unable to identify any other applicable statutory classification because we are not aware of any source of authority for collection of criminal history data in the circumstances described.  Consequently, we answer your question in the negative.

Respectfully submitted,

MIKE HATCH
Attorney General

KRISTINE L. EIDEN
Chief Deputy Attorney General

Enclosures

AG: #1667586-v1

---

[5] Minn. Const. art. VII §§ 1, 6; Minn. Stat. §§ 201.014, subd. 2(a); 204B.06 (2004).